Ana D. BONANO, Plaintiff,

v.

SOUTHSIDE UNITED HOUSING DEVELOPMENT CORPORATION, David D. Pagan, and Jesus Viera, Defendants.

No. 03–CV–5040 (ILG).

United States District Court, E.D. New York.

April 5, 2005.

Daniel L. Alterman, Alterman & Boop, LLP, New York, NY, for Plaintiff.

Jeffrey P. Rosier, Grotta Glassman & Hoffman, Roseland, NJ, Jason Steven Aschenbrand, Winston & Strawn, New York, NY, for Defendants.

## MEMORANDUM AND ORDER

GLASSER, District Judge.

This is an age discrimination action brought by plaintiff, Ana D. Bonano ("Bonano" or plaintiff), against her former employer, Southside United Housing Development Fund Corporation ("Southside"), and individual defendants David Pagan ("Pagan") and Jesus Viera ("Viera"). Pending before the Court is plaintiff's motion to amend her complaint pursuant to Federal Rule of Civil Procedure 15(a). For the following reasons, plaintiff's motion is granted.

## FACTS

The following facts taken from plaintiff's complaint are accepted as true for purposes of this motion. *See* Affirmation of Carolyn Goodwin ("Goodwin Aff.") Ex. A (attaching complaint). At the time she filed her complaint, plaintiff was 61 years old. Compl. ¶ 13. She began working for Southside in 1977 and held various positions until 1984 when she became the Director of Housing Management, the position she held at the time the alleged acts of discrimination occurred. *Id.* ¶ 22. Beginning in late May 2002, Rosemarie Pizarro ("Pizarro"), a co-worker who is approximately 42 years old, began to "harass and berate Plaintiff and make derogatory remarks about Plaintiff's age," such as "Get out of my area and let me work, you're a fucking old lady" and "Your time has passed already." *Id.* ¶ 26. Around that time, Viera, a member and Treasurer of Southside's Board of Directors, also made derogatory comments to plaintiff about her age including, "Don't worry Rose [Pizarro], soon we'll be rid of all these hags"; "You're too old; old people should stop working when they get old and go and live at Buena Vida [a local nursing home]"; and "We need to clean house and hire new, young blood to work in management like Rosemarie Pizarro." *Id.* In addition to those comments, plaintiff alleges that defendants discriminated against her by "treat[ing] four other female managers, all significantly younger than Plaintiff, more favorably in the terms and conditions of employment than they treated Plaintiff." *Id.* ¶ 30.

Plaintiff complained about the alleged discrimination to defendant Pagan, an employee and the Administrator of Southside, and Augustine Ruiz ("Ruiz"), Chairman of Southside's Board of Directors, but they failed to investigate the complaints or cause the harassment to cease. *Id.* ¶ 27–

28. On or about August 26, 2002, plaintiff received a memorandum from Pagan notifying her that she had been demoted from her position as Director of Housing Management. *Id.* ¶ 31. According to the memorandum, which was sent to staff members, plaintiff was demoted "in contemplation of her retirement" despite the fact that she neither intended to retire at that time nor made any such statement to her colleagues. *Id.* ¶ 32. Pagan knew plaintiff had no intention to retire at that time. *Id.* ¶ 33. After plaintiff was demoted, Pizarro, who is "significantly younger" and "less qualified and less experienced" than she, was named acting Director of Housing Management. *Id.* ¶¶ 34, 35. Plaintiff alleges that she was demoted and subsequently terminated on or about November 6, 2002 because of her age and in retaliation for the complaints she filed about the "ageist" conduct of Pizarro and Viera. *Id.* ¶¶ 36, 40.

On or about May 7, 2003, plaintiff filed charges of discrimination with the New York State Division of Human Rights ("SDHR") and the Equal Employment Opportunity Commission ("EEOC"). The EEOC deferred the investigation of plaintiff's charge to the SDHR. *Id.* ¶¶ 7–8. On May 28, 2003, the SDHR issued an order dismissing plaintiff's charge for administrative convenience and on July 10, 2003, the EEOC issued plaintiff a notice of right to sue. *Id.* ¶¶ 9, 10. Thereafter, on October 2, 2003, plaintiff filed her complaint in this action asserting claims for willful discrimination and retaliation against defendants under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, Administrative Code of the City of New York § 8–101 *et seq.* ("NYCHRL").

## DISCUSSION

Plaintiff moves to amend her complaint to add age-based hostile work environment claims under the ADEA, the NYSHRL and the NYCHRL. Pl. Mem. at 1. Where, as in this case, a responsive pleading has been served,[1] Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court." The decision whether to grant or deny a motion for leave to amend is within the sound discretion of the Court, though leave "shall be freely given when justice so requires," absent evidence of undue delay, bad faith, or undue prejudice to the non-movant or that amendment would be futile. *See* Fed.R.Civ.P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Defendants contend that leave to amend should be denied based on futility.[2]

## I. *Futility*

Amendment would be futile where "a complaint [ ] even as amended would fail to state a cause of action." *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co.,* 608 F.2d 28, 42 (2d Cir.1979). As an initial matter, the parties disagree as to the relevant standard against which courts measure motions to amend pleadings which are opposed on the basis of futility. Plaintiff argues that an amendment would not be futile as her proposed claims would survive defendants' eventual motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Pl.

---

1. Defendants filed an answer to plaintiff's complaint on December 17, 2003. *See* Goodwin Aff. Ex. C.

2. Defendants do not assert any undue delay, bad faith or prejudice. *See* Def. Opp. at 2 n. 1.

Mem. at 4. By contrast, defendants argue that an amendment would be futile if the proposed claims could not withstand a summary judgment motion pursuant to Fed.R.Civ.P. 56. Def. Opp. at 2. Defendants have neither moved for summary judgment nor presented evidence to the Court. Accordingly, the Court will analyze the sufficiency of plaintiff's proposed amendments under the motion to dismiss standard. According to that principle, "leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, *i.e.,* if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief." *Milanese v. Rust–Oleum Corp.,* 244 F.3d 104, 110 (2d Cir.2001) (citation omitted). *See also Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 91–92 (2d Cir.2002) (analyzing sufficiency of facts in proposed amended complaint in light of whether facts, if proved, could support the proposed additional claim).[3]

## A. Sufficiency of Plaintiff's Proposed Additional Allegations

 A hostile work environment exists where the workplace is " 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment....' " *Brennan v. Metro. Opera Ass'n, Inc.,* 192 F.3d 310, 318 (2d Cir.1999) (quoting *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)).[4] To prevail on a claim for hostile work environment age-based discrimination, plaintiff must show (1) that the environment is objectively and subjectively hostile and (2) that there is a basis for imputing the discriminatory conduct to her employer. *See Williams v. New York City Hous. Auth.,* 154 F.Supp.2d 820, 822 (S.D.N.Y.2001).

 *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), guides the Court's analysis of the sufficiency of plaintiff's proposed additional claims. There, the Court rejected a heightened pleading standard for employment discrimination cases, holding that a complaint alleging discrimination under the ADEA and Title VII need not satisfy the evidentiary standard for a *prima facie* case set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See* 534 U.S. at 511–12, 122 S.Ct. 992. Thus, "a plaintiff need not plead facts establishing each element of the *prima facie* case...." *Islamic Soc'y of Fire Dep't Personnel v. City of New York,* 205 F.Supp.2d 75, 82 (E.D.N.Y.2002)

---

**3.** In support of their argument that plaintiff's proposed hostile work environment claims fail as a matter of law, defendants cite several cases which analyzed the sufficiency of evidence presented by plaintiffs at the *summary judgment* stage as to the pervasiveness and severity of discriminatory conduct they alleged constituted a hostile work environment. *See* Def. Opp. at 3–7 (citing *Jones v. Smith-Kline Beecham Corp.,* 309 F.Supp.2d 343, 345 (N.D.N.Y.2004); *Bailey v. Colgate–Palmolive Co.,* 2003 WL 21108325, at \*22 (S.D.N.Y. May 14, 2003); *Chandler v. AMR Am. Eagle Airline,* 251 F.Supp.2d 1173, 1175 (E.D.N.Y. 2003); *Molin v. Permafiber Corp.,* 2002 WL 31760215, at \*1 (S.D.N.Y. Dec.9, 2002)). As stated above, because the Court will review the sufficiency of plaintiff's proposed amendments according to the standard applicable to motions made pursuant to Rule 12(b)(6), those cases cited by defendants are irrelevant to this analysis.

**4.** The same legal standards apply to age-based hostile work environment claims under the ADEA, the NYSHRL and the NYCHRL. *See Monte v. Ernst & Young LLP,* 330 F.Supp.2d 350, 361 n. 3 (S.D.N.Y.2004). Accordingly, for purposes of this motion, the Court will address all of plaintiff's age discrimination claims together.

(Glasser, J.). Instead, *Swierkiewicz* held that an employment discrimination complaint must comply with Federal Rule of Civil Procedure 8(a)(2), which requires only that it provide the defendant with notice of the plaintiff's claim and the grounds upon which it rests. 534 U.S. at 512–13, 122 S.Ct. 992.

■ In addition to allegations of discriminatory comments made by Pizarro and Viera discussed *supra*, plaintiff submits a proposed amended complaint,[5] *see* Goodwin Aff. Ex. B, in which she alleges: "Defendants['] discriminatory actions were pervasive and continuous and were known in the workplace"; "Upon information and belief, such conduct by Defendants diminished Plaintiff's credibility in the workplace which undermined Plaintiff's authority over her subordinates and negatively impacted her ability to perform her managerial role as Director of Housing Management"; "Such conduct as described altered the conditions of Plaintiff's employment." Prop. Am. Compl. ¶¶ 31, 32, 33. Plaintiff also alleges that she complained to Pagan and Ruiz, her superiors, but that they failed to take remedial action. *Id.* ¶¶ 27–29; Pl. Mem. at 8.

The Court concludes that plaintiff's proposed amended complaint adequately alleges a pattern of discriminatory acts by her co-workers which her superiors failed to remedy, which if proved, could support a finding of an age-based hostile work environment. *See Mincey v. Univ. of Rochester,* 2004 WL 1875020, at *3 (W.D.N.Y. Aug.19, 2004) (holding that amendment to add a race-based hostile work environment claim would not be futile under notice pleading standard where "[t]he proposed complaint contains allegations that plaintiff was 'continually harassed' by her 'coworkers and supervisors' on the basis of, *inter alia,* her race and 'skin color' "); *Wait v. Beck's N. Am., Inc.,* 241 F.Supp.2d 172, 179 (N.D.N.Y.2003) (allegations of an ongoing course of harassment by plaintiff's supervisors including discriminatory comments, provided fair notice to defendants and were sufficient to survive motion to dismiss); *Cellamare v. Millbank, Tweed, Hadley & McCloy,* 2003 WL 22937683, at *6 (E.D.N.Y. Dec.2, 2003) (plaintiff stated a claim for hostile work environment discrimination by "citing race-based run-ins with [her supervisor], and alleging that '[t]he harassment and discrimination … was so pervasive, persistent and severe as to alter the conditions of plaintiff's employment with [defendant] and to create a hostile and abusive working environment' ").

## B. Timeliness of Claims

Defendants also contend that amendment would be futile because plaintiff's proposed additional claims are untimely. A complainant must file a charge of discrimination under the ADEA "within 300 days of the alleged discriminatory action." *See* 29 C.F.R. § 1626.7 (2005).[6] On or about May 7, 2003, plaintiff filed her charge with the SDHR and the EEOC. *See* Compl. ¶ 7; *see also* Declaration of Jason S. Aschenbrand ("Aschenbrand Decl.") Exs. 1, 2. Defendants argue that because the alleged discriminatory acts occurred before July 11, 2002–300 days prior to the filing of the charge-plaintiff's proposed ad-

---

**5.** Plaintiff's proposed amended complaint will be referred to as "Prop. Am. Compl."

**6.** That regulation also provides that a potential charging party must file its charge within 180 days of the alleged discriminatory action if that conduct occurs in a state that does not have its own age discrimination law. Since the alleged discrimination occurred in New York, which has its own age discrimination law, plaintiff's claims are subject to the 300–day filing requirement.

ditional claims are untimely. *See* Def. Opp. at 8.

■ In *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), the Supreme Court considered the timeliness of hostile work environment discrimination claims. With respect to a claim alleging a racially hostile work environment under Title VII, the Court held that "the entire hostile work environment encompasses a single unlawful employment practice" for purposes of the 300–day filing period under that statute.[7] *Id.* at 117, 122 S.Ct. 2061. Therefore, "[p]rovided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.* Here, defendants argue that the discriminatory acts that occurred prior to July 11, 2002 which give rise to plaintiff's proposed claims cannot be considered as part of the same unlawful employment practice as her timely allegations of unlawful demotion and termination because plaintiff fails to allege a "link" between the various events. Def. Opp. at 8–9. By contrast, plaintiff argues that the proposed amended complaint alleges continuous and pervasive discriminatory comments by Pizarro and Viera and that she is not required to plead specific dates of discriminatory conduct under the notice pleading standard for employment discrimination claims set forth in *Swierkiewicz*, 534 U.S. 506, 122 S.Ct. 992. *See* Pl. Reply Mem. at 13–14.

■ Regarding the dates of discriminatory acts, plaintiff alleges that "Commenc-

ing in or about late May 2002," Pizarro and Viera made discriminatory comments to plaintiff about her age. *See* Compl. ¶ 24. Her proposed amended complaint alleges that the harassment was "pervasive and continuous." Prop. Am. Compl. ¶¶ 31, 33. Further, plaintiff alleges that the harassing conduct "did not cease" after she complained to Ruiz and Pagan, that defendants demoted her on August 26, 2002 "in contemplation of her retirement" and that defendants fired her on November 6, 2002. Compl. ¶¶ 29, 31, 39. While plaintiff does not allege the dates on which Pizarro and Viera made each alleged discriminatory comment, she alleges that she suffered adverse employment actions-her demotion and ultimate termination-during the 300–day filing period under the ADEA and that the harassment leading up to those events was continuous and pervasive such that it created a hostile work environment. According to *Morgan*, "the entire time period of the hostile environment" is from late May 2002 through November 6, 2002, and thus the allegations of conduct that preceded July 11, 2002 are timely. Moreover, under *Swierkiewicz*, plaintiff is not required to plead specific dates of discrimination. 534 U.S. at 512–13, 122 S.Ct. 992. *See also Aguilar v. New York Convention Ctr. Operating Corp.*, 2002 WL 844397, at *2 (S.D.N.Y. May 2, 2002) (refusing to dismiss plaintiffs' discrimination claims against their employer under 42 U.S.C. §§ 1981 and 1983 as time-barred because the complaint did not specify dates for each alleged discriminatory act in view of the notice pleading requirement set forth in *Swierkiewicz* ).[8] Accordingly, the Court

---

7. Courts analyze the timeliness of claims under Title VII in the same manner as they do claims arising under the ADEA as both statutes impose a 300–day filing requirement. *See Coffey v. Cushman & Wakefield, Inc.*, 2002 WL 1610913, at *3 (S.D.N.Y. July 22, 2002)

(citing *Flaherty v. Metromail Corp.*, 235 F.3d 133, 137 n. 1 (2d Cir.2000)).

8. In support of their argument, defendants cite *Bailey*, 2003 WL 21108325, at *1, and *Costanzo v. U.S. Postal Serv.*, 2003 WL

finds that plaintiff's proposed amendment would not be futile.[9]

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a) is granted. Plaintiff is directed to file her amended complaint within five business days of her receipt of this Memorandum and Order.

SO ORDERED.

1701998, at *10 (S.D.N.Y. March 31, 2003). *See* Def. Opp. at 9. Both cases are distinguishable because they concerned whether plaintiffs presented insufficient evidence to survive motions for summary judgment. Moreover, *Bailey* is distinguishable because it involved the continuing violation doctrine and the timeliness of complaints under the ADEA and Title VII. That doctrine applies where there is an ongoing policy of discrimination such that any discriminatory act in furtherance of that policy is actionable, notwithstanding that it occurred outside the statute of limitation period. The *Morgan* Court rejected the application of that doctrine to render actionable otherwise untimely *discrete* acts of discrimination that are related to acts that occur within the statutory limitations period. *See* 536 U.S. at 113–14, 122 S.Ct. 2061. Here, by contrast, plaintiff seeks to allege hostile work environment claims, which are subject to the *Morgan* Court's holding that repeated discriminatory acts that create a hostile environment are part of a unitary employment practice for purposes of statutory filing requirements. *Id.* at 117, 122 S.Ct. 2061.

9. Defendants argue that this Court should refuse to exercise jurisdiction over plaintiff's retaliation allegations because (1) she did not

identify retaliation as a basis for discrimination on either her SDHR or EEOC charge and (2) retaliation is not "reasonably related" to her other age discrimination claims. *See* Def. Opp. at 9 n. 5. The Court rejects these arguments. Defendants' citation to *O'Hara v. Mem'l Sloan Kettering Cancer Ctr.*, 2000 WL 1459798, at *1 (S.D.N.Y. Sept.29, 2000), is unavailing. Unlike the defendant in *O'Hara*, defendants in this case have not moved to dismiss plaintiff's retaliation claims for lack of subject matter jurisdiction. *Id.* at *5. In any event, the precise substantive issue before the *O'Hara* court is not presented on the facts here. Because the plaintiff in *O'Hara* failed to include either a retaliation claim or facts alleging retaliation in her administrative charge, the court considered whether the conduct on which she grounded the retaliation claim in her civil action was "reasonably related" to the conduct alleged in the administrative charge. *Id.* While plaintiff here did not check the box marked "Retaliation" on her EEOC charge, *see* Aschenbrand Decl. Ex. 2, her SDHR charge, which was also filed with the EEOC, does allege that plaintiff complained to her superiors about her co-workers' discriminatory conduct and that she was subsequently demoted and ultimately terminated. *See id.* Ex. 1 ¶¶ 3, 6, 7.